## UNITED STATES v. McGRAW et al.
### Cr. No. 28885.

District Court, N. D. New York.

Oct. 8, 1942.

Amos W. W. Woodcock, Sp. Asst. to U. S. Atty. Gen., and Andrew J. Culick, Asst. U. S. Atty., of Amsterdam, N. Y., for the United States.

BRYANT, District Judge.

The defendants demur to the indictment in the above-named case and move to quash

928

on the grounds that the indictment, on its face, is insufficient in law and does not state facts sufficient to constitute a crime.

In June, 1942, a grand jury returned an indictment against the defendants charging them, in Count 1, with conspiracy to violate Section 276b of Title 40 U.S.C.A., and, in Counts 2, 3, 4 and 5, with violation of said Section.[1]

The respective counts are couched in identical language and the alleged offense in each count is charged in almost the identical words of the Statute.

The defendants were arraigned on June 19, 1942, and each entered a plea of not guilty. They were given permission to withdraw their pleas within ten days and file a demurrer and motion to quash. The records neither show any attempt to move within the time granted nor any application for extension of time to move. After the case was noticed for trial on a day certain permission to demur and motion to quash was requested. Even though defendants' practice could not be approved, permission to file was granted.

The alleged defect, which defendants contend is fatal, is that the indictment fails to charge that the defendants are, or at any time were, contractors, subcontractors or employers of labor on the public work named in the indictment. No such allegation could be made because, concededly, such is not a fact. It is defendants' contention that the section, under which the offense is attempted to be laid, is limited to acts of contractors, subcontractors and employers of labor; *that its whole and sole purpose is to protect workmen against unscrupulous employers.* In support of their claim they cite the language, history and purposes of Sections 276a–276a–6 and 276c. They further contend that because the reports of the Committee on the Judiciary to Senate and House expressed the dominant purpose of the Act to be the suppression of racketeering by employers and contractors, the act excludes all others from its provisions.

■■ The purpose of the act is clear. It is to prevent, by means of a penal statute, any workman on a governmental project from being compelled "by force, intimidation, threat of procuring dismissal from such employment, or by any other manner whatsoever" to give up any part of the compensation he receives or is entitled to receive. The act is so salutary that its effectiveness should not be limited unless the Congressional intent to so limit is inescapable. Here I find no intent to limit, rather the opposite. Manifestly, the Congress intended, by this Statute, to protect workmen from becoming the prey of foremen, and others in a position to coerce, as well as from employers. The Statute so states. The title shows the act applicable against "anyone" doing certain things and the act itself states that "whoever" shall, etc. The quoted words have definite universal meanings. They must be given their usual meaning. Had Congress intended to limit the section to contractors and employers, it could have used those words instead of "anyone" and "whoever".

■ My interpretation is corroborated by the further wording of the Statute. If limited to the above named, the words "by force" and "procuring" lose their meaning. In construing a statute every word must be given its proper effect and meaning in so far as it is possible so to do.

United States v. Golder et al., D.C., 11 F.Supp. 870, and United States v. Charlick, D. C., 26 F.Supp. 203, cited by defendants, cannot be considered authoritative here. In these cases there was failure of proof of force, intimidation or threat of dismissal. It may be that there will be a failure of proof in the present case, but at the present time we are interested simply with the charge. The charge is definite.

My ruling is supported by the decision of J. Walker in the unreported case of United States v. Frank Laudani et al., D. C.N.J.[2]

The demurrer is overruled and motion to quash is denied.

---

[1] Sec. 276b, Title 40 U.S.C.A., Act of June 13, 1934, c. 482, Sec. 1, 48 Stat. 948, reads:

" * * * whoever shall induce any person employed in the construction, prosecution, or completion of any public building, public work, or building or work financed in whole or in part by loans or grants from the United States, or in the repair thereof to give up any part of the compensation to which he is entitled under his contract of employment, by force, intimidation, threat of procuring dismissal from such employment, or by any other manner whatsoever, shall be fined not more than $5,000, or imprisoned not more than five years, or both."

[2] No opinion for publication.